UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LISA McCRARY, an individual,

    Plaintiff,

v.

YORBA CAPITAL MANAGEMENT, LLC,
a California limited liability company, and
DAN PORTILLA, an individual,

    Defendants.
_____/

# COMPLAINT

1. This action arises from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to the false representation of the character, amount, or legal status of any debt, and the threat to take any action that cannot legally be taken or that is not intended to be taken. "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.,* 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013). Defendant violated numerous provisions of the FDCPA and caused Plaintiff

tangible injury while attempting to unlawfully extract payment from Plaintiff for a debt she does not owe.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The FDCPA is a federal statute.

3.  Venue is proper in this judicial district because Defendant engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").

## PARTIES

4.  Plaintiff, Lisa McCrary ("Plaintiff", is a natural person and resident of Panama City Beach, Florida. Panama City Beach is located in Bay County.

5.  Plaintiff, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

6.  Defendant Yorba Capital Management, LLC ("Yorba") is a California limited liability company whose principal office is located at 2400 E. Katella Avenue, Suite 800, Anaheim, California 92806, and whose registered

agent for service of process is Dan Portilla, 422 S. Forest Avenue, Santa Ana, California 92703.

7. Defendant Dan Portilla ("Portilla") is an individual believed to reside at 422 S. Forest Avenue, Santa Ana, California 92703. Portilla is believed to be both an attorney as well as the effective owner of Yorba.

8. At appropriate times herein Defendants Yorba and Portilla are cumulatively referred to as "Defendants."

9. At all times relevant to this action, Defendant Yorba was the alter ego of Defendant Portilla, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Defendants Yorba and Portillo such that any separateness between them has ceased to exist in that Defendant Portilla completely controlled, dominated, managed, and operated Defendant Yorba to suit his convenience.

10. At all times material to this action, Portilla supervised and oversaw the day-to-day activities of Defendant Yorba.

11. Defendants, through the use of various instrumentalities of interstate commerce, are engaged in a business the principal purpose of which is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6); however, neither Defendant is now and has ever been registered with the State of Florida as a consumer collection agency.

## FACTUAL ALLEGATIONS

13. Approximately one month prior to the filing of this action, Plaintiff received the first in a series of telephone calls from one or more individuals who refused to identify the company on whose behalf they were calling.

14. Plaintiff is informed and believes that at all relevant times mentioned herein, the acts of the unidentified callers were performed by an employee, agent, officer, servant and/or representative of Defendants Yorba and Portilla.

15. Each time, the caller demanded payment in the amount of $498.57 for an allegedly delinquent Citibank account which, according to the caller was more than 7 years delinquent.

16. Plaintiff had a Citibank credit card at one time, which she used for personal, family, or household purposes.

17. Citibank, the alleged original creditor in this matter, in a nationwide bank and major credit card issuer with hundreds of locations in the State of Florida.

18. In Florida, the statute of limitations for a credit card debt may be as little as three (3) years, but in no case longer than five (5) years. *Peeler v. KVH Industries, Inc.*, No. 8: 12-cv-1584-T-33TGW (M.D. Fla. July 25, 2013).

19. Plaintiff denied owing the amount demanded and requested information substantiating the alleged debt. Defendants refused.

20. On or about August 18, 2020, during one of the aforementioned telephone calls, Plaintiff again requested information substantiating the alleged debt—this time providing Defendants with her email address.

21. Defendants responded by sending Plaintiff the attached letter (on Defendant's letterhead) and credit card authorization form ("**Exhibit A**"). At no time before or since has Plaintiff received any written communication from Defendant other than Exhibit A.

22. The letter threatened that "Yorba Capital Management will legally pursue this to the fullest extent of the law to collect the balance in full, plus any additional costs and attorney fees," stated that upon payment, "Our trade line with all 3 major credit reporting bureaus will be updated as "PAID IN FULL." This statement implied that Defendants are already reporting, unlawfully, the alleged debt to "all 3 major credit reporting bureaus," even though the alleged debt, by Defendant's own admission, has been delinquent for more than 7 years.

23. On August 28, 2020, Defendants once again called Plaintiff—this time threatening that if payment was not made within 30 days, "it will go bad" for Plaintiff and "further action will be taken."

24. These threats, along with the threats made in **Exhibit A**, compelled Plaintiff to go the time, effort, and cost of researching the veracity of this matter – only to find out the debt was not legitimately owed and that Defendant was not registered as a Consumer Collection Agency in the State of Florida.

25. A person may not engage in business in the State of Florida as a consumer collection agency or continue to do business in the State of Florida as a consumer collection agency without first registering as such, and thereafter maintaining a valid registration. See Fla. Stat. § 559.553(1). A violation of state law may, as is the case here, be a violation of the FDPCA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) ("[C]ollection activities that use 'any false, deceptive, or misleading representation or means,' . . . under state law, will also constitute FDCPA violations.").

26. Plaintiff was tangibly injured because she was deprived of the benefit of the State of Florida's regulatory review and oversight of consumer collection

6

agencies[1] because Defendants chose to not register with the State of Florida and instead operate a criminal enterprise outside the purview of the law[2].

27.    Furthermore, Defendants' statements, threats, and omissions of law, as described above, incontrovertibly violate §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) and caused Plaintiff actual injury— including, but not limited to, the time, effort, and cost expended investigating Defendants' claims (only to learn the alleged debt was barred by the statute of limitations and Defendants were not legally authorized to collect any alleged debt even if it were within the statute of limitations), along with the anxiety and fear that normally accompanies false threats of legal action and damage to one's credit standing. *See Trichell v. Midland Credit Management, Inc.,* 964 F.3d 990, 997 (11th Cir. 2020) (Allegations of either having "made any payments in response to" a challenged collection letter "**or even … wasted time** or money in determining whether to do so" are tangible and otherwise concrete injuries.) (emphasis added).

---

[1] "The broad basis for the doctrine that contracts of certain unlicensed persons are unenforceable is that the courts should not lend their aid to the enforcement of contracts where performance would tend to deprive the public of the benefits of regulatory measures. Williston on Contracts, § 1765, p. 247." *Cooper v. Paris*, 413 So. 2d 772, 773 (Fla. Dist. Ct. App. 1982)

[2] Fla. Stat. § 559.785   Criminal penalty.—It shall be a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, for any person not exempt from registering as provided in this part to engage in collecting consumer debts in this state without first registering with the office, or to register or attempt to register by means of fraud, misrepresentation, or concealment.

28.     At no time under the circumstances described herein did Defendants have a legal claim against Plaintiff which can be enforced in a court of law, or could result in judgment, garnishment, or seizure of her assets.

29.     At the time Plaintiff was threatened with legal action, the applicable statute of limitations on the alleged Citibank debt was, based on Defendants' own statements, expired.

## COUNT I
## VIOLATIONS OF THE FDCPA; 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10)

30.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

31.     Section 1692e, generally, prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt. More specifically, Section 1692e(2)(A) prohibits a debt collector from falsely representing of "the **character, amount, or legal status** of any debt." *Valle v. First Nat. Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

32.     Section 1692e(2)(A) prohibits "false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692(e)(2)(A). *Hepson v. Resurgent Capital Services, LP*, No. 09-15435. Non-Argument Calendar (11th Cir. June 17, 2010).

33. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely stating that Plaintiff owed a validly due and owing debt in the amount of $498.57.

34. Section 1692e(5) prohibits a debt collector from ***threatening to take action that cannot legally be taken or that is not intended to be taken***. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).

35. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect a consumer debt in the State of Florida ***without first obtaining and thereafter maintaining a valid registration***. Moreover, Defendant threatened Plaintiff with legal action if she did not pay the alleged debt—a debt which, by Defendant's own admission, was beyond any applicable statute of limitations.

36. Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Starosta v. MBNA America Bank, NA*, 244 Fed. Appx. 939 (2007).

37. Defendants violated 15 U.S.C. § 1692e(10) by attempting to obtain, among other things, Plaintiff's credit card number under the guise of a lawfully operating consumer collection agency attempting to collect a validly due and owing debt.

38. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to

such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in her favor, and against Defendants Yorba and Portello, jointly and severally, for:

a. Statutory damages in the amount of $1,000 dollars;

b. Actual damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as the Court deems proper.

Dated: September 8, 2020

                                        Respectfully submitted,

                                        s/ *Scott D. Owens*
                                        Scott D. Owens, Esq.
                                        SCOTT D. OWENS, P.A.
                                        2750 N. 29th Ave., Ste. 209A
                                        Hollywood, FL 33020
                                        Tel: 954-589-0588
                                        Fax: 954-337-0666
                                        scott@scottdowens.com

# EXHIBIT A

# YORBA CAPITAL MANAGEMENT

2400 E. Katella Ave. Ste. 800 | Anaheim, CA 92806 | Telephone 866-774-0777

*Personal and Confidential*                                        August 18, 2020

**LISA MCCRARY**
**218 BOCA SHORES DR**
**PANAMA CITY FL, 32408**

**RE: CITI BANK**
**Original Account No:** XXXXXXXXXXXXXXXX
**File No: KL0000080934**

Ms. Lisa Mccrary,

On August 18, 2020, **Yorba Capital Management** has agreed to the following settlement of **Four Hundred ninety eight Dollars and 57/100 ($498.57)** and must be represented in our office no later than **August 31, 2020**.

There is no grace period. Any payment not received in the amount or by the date referenced above will render this offer NULL and VOID. Once the funds have cleared your bank, Yorba Capital Management, will release you from all claims and liabilities pertaining to the above referenced account. Our trade line with all 3 major credit reporting bureaus will be updated as **"PAID IN FULL"**

As part of this settlement, both parties agree to waive any and all lawsuits, Judgments, and causes of action that have occurred against the other regarding the above listed motion.
 All judgments, liens, writs of executions shall be dismissed and or otherwise withdrawn. In the event the above maker defaults in said agreement, Yorba Capital Management will legally pursue this to the fullest extent of the law to collect the balance in full, plus any additional costs and attorney fees.

Sincerely,
Sam Stevens
Sr. Vice President
Yorba Capital Management, LLC

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.**

# YORBA CAPITAL MANAGEMENT

## CREDIT CARD AUTHORIZATION LETTER

**DATE: August 18, 2020**

I, _LISA MCCRARY_____ authorize Yorba Capital Management to make the following charges to my credit card account for the indicated people and/or services:

Name: _LISA MCCRARY_____

**File: KL0000080934**

**Amount to be charged: $ 498.57**

**I acknowledge that there may be substantial penalties and/or no refund of the amount**

**Charged should I change and/or cancel.**

**Charge to Credit Card account:** _____

**Expiration:** ____  **CVV:** _____

**Name on credit card:** _____

**Address to which credit card statement is sent:**

**Street:** _____

**City:** _____ **State:** _____ **Zip code:** _____

**Authorization Signature** _____

[]Privacy Notice: This message is intended only for the use of the individual entity to which it is addressed and may contain information that is " Privileged", Confidential, or Exempt from Disclosure under applicable Federal or /state Law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.